STEVEN C. BABCOCK
GILLIAN E. GOSCH
Assistant Federal Defender
Federal Defenders of Montana
175 N. 27th Street, Suite 401
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
steven_babcock@fd.org
gillian_gosch@fd.org
        Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>vs.<br><br>KADIN HAWKEYE LEWIS,<br><br>　　　Defendant. | **Case No. CR-23-143-BLG-SPW**<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR VIOLATIONS OF THE DUE PROCESS PROTECTION ACT** |

## INTRODUCTION

Defendant, KADIN HAWKEYE LEWIS (hereinafter Lewis), by and

through his counsel Steven C. Babcock and Gillian E. Gosch, Assistant Federal

Defender's, and the Federal Defenders of Montana, filed a motion for violations of

the due process protection act.  This brief supports that motion.

1

## EXHIBITS

Undersigned counsel submits the attached exhibits relevant to this brief in

support:

| Exhibit A | Bates page 1946 |
|-----------|-----------------|
| Exhibit B | Herman Text Messages |
| Exhibit C | Yellowstone County District Court Case DC-24-568 – State's Response Brief – Filed Separately, Under Seal |
| Exhibit D | 10.14.24 – Herman and Mallak Jail Call Transcript |
| Exhibit E | Yellowstone County District Court Case DC-24-568 – Motion to Dismiss Hearing Transcript – Filed Separately, Under Seal |
| Exhibit F | Herman and Ryan Text/Call Log |
| Exhibit G | Doc. 07 – Due Process Notice |
| Exhibit H | Starnes Emails – 3.06.25, 3.12.25, 3.13.25, and 5.6.25 |
| Exhibit I | 8.30.24 – Herman and Mallak Jail Call Transcript |
| Exhibit J | Defendant's Discovery Request Letter to Assistant United States Attorney Jeffrey Starnes |

## RELEVANT PROCEDURAL HISTORY

On October 7, 2022, Lewis was arrested and charged by the State of

Montana with deliberate homicide in violation of Montana State Code § 45-5-102.

On December 7, 2023, Lewis was charged in United States District Court with

Possession of Unregistered Destructive Devices in violation of 26 U.S.C. § 5861

(d).  On July 15, 2024, the State dismissed the deliberate homicide charge and

Lewis made his initial appearance before Magistrate Cavan on July 16, 2024.  Also

on July 16, 2024, defendant filed his discovery request with this court (Doc No.

12).  On October 17, 2024, a Superseding Indictment was returned against Lewis,

and he was arraigned on October 28, 2024.  Lewis is currently detained pending a disposition of this matter.

## FACTS RELEVANT TO THIS MOTION

### Confession

From July 16, 2024, through July 31, 2024, Lewis was housed at Yellowstone County Detention Center.  During this time, his cellmate was Kamran Mallak. Since July 16, 2024, Lewis has been represented by the Federal Defenders of Montana.  After, a Superseding Indictment was returned against Lewis, the defense learned through a supplemental disclosure of discovery and a phone call with AUSA Starnes that Lewis had allegedly confessed not only to the conduct that formed the basis of the destructive device charges, but also a homicide that the State of Montana had previously dismissed.  The supplemental disclosure provided by the USAO revealed the following.

1.  Lewis's cellmate, Kamran Mallak had provided a recorded statement to the FBI stating that Lewis had both verbally and in writing confessed to homicide and making a destructive device, to both Mallak and his friend, Shawn Herman.

2.  On August 26, 2024, FBI Special Agent Duermeier received a thumb drive in the mail from DCI Agent James Ward containing the writings allegedly done by Lewis.

3.  FBI Special Agent Duermeier notes that he has had previous telephonic

conversations with Ward where Ward stated he would forward copies of the documents to Duermeier.  There was no information in the disclosure about when the calls between the law enforcement agencies were or what they discussed.  (Exhibit A).

After receiving the supplemental disclosure, investigative steps were taken by the Federal Defender's Office to assess the new evidence.  Multiple subpoenas were requested and granted by this court.  In sum, the following information is relevant to this motion.

**Federal Defenders of Montana Investigation**

1.  On or about January 7, 2025, Attorney Babcock received a phone call From Attorney Rufas Peace who was representing Kamran Mallak.  During their discussion, Peace informed Babcock that there had been a hearing in State Court regarding a Motion to Dismiss that Peace filed on behalf of Mallak.

2.  The Motion to Dismiss filed by Peace alleged Outrageous Government Conduct.  Specifically, Peace alleged in his Motion to Dismiss that DCI agents had made promises to Mallak regarding a resolution to his case in exchange for his cooperation against Lewis.  Further, DCI allegedly made disparaging remarks about the strength of Mallak's case, the investigating officer (Detective Steve Hallam) and made the representation that Scott Twito, Ed Zink, members of the Attorney General's office and law enforcement met in Helena to discuss Mallak's

and Lewis's cases.  In support of these contentions, Peace attached text messages between Herman and then DCI Agent Ryan Eamon.  (Exhibit B).

3.  The County attorney's office filed their response on February 11, 2025, denying the allegations and asserting that Herman had doctored the alleged text messages.  To determine the veracity of the text messages put forth by Herman as valid, the State secured an investigatory subpoena. (Exhibit C – Filed Separately, Under Seal).

4.  The response filed by the county also listed several items of evidentiary value pertaining to Lewis's case.

a)  Referencing "A.J." a task force officer who had conversations with Eamon regarding Herman, Mallak and Lewis. The identity of A.J. is unknown.  [1]

b)  A recorded interview of Herman conducted by the DCI on July 31, 2024, approximately 30 minutes long discussing Lewis's confession.  Although requested, this interview and its recording have not been provided by the USAO.

c)  An audio interview of Kamran Mallak by DCI Agents Ward and Eamon on

---

[1] In a jail call on October 14, 2024, Herman tells Mallak "I made a phone call up to where, who was the detective that was doing the state side of it, and then he contacted Ryan, Ryan contacted me, and then, Ryan contacted my other guy, AJ, and then, like, after AJ got ahold of him-I'm going to call AJ and have AJ reach out to him."  (Exhibit D).

August 7, 2024, pertaining to the collection of the alleged confession of Lewis. Although requested, this interview has not been provided to the defense by the USAO.

**March 2025 Hearing**

Counsel for Lewis attended part of the evidentiary hearing held on Mallak's Motion to Dismiss. Prior to being excused by the court at the request of both the State and the Defense, counsel learned that DCI Agent Eamon had retracked his prior statement that the text messages between him and Herman were fictious and admitted that he lied regarding their authenticity. At the request of both the state and the defense, counsel for Lewis was removed and not allowed to remain in the courtroom for the testimony of the law enforcement officers and Herman. However, since the hearing, pleadings, phone calls between Mallak and Herman and the unsealed State hearing transcript for Mallak's Motion to Dismiss reveal the following.

1.  Ryan Eamon is no longer employed by the DCI- purportedly because of his conduct regarding the Lewis investigation.

2.  Eamon was part of the investigation on Lewis's case since its inception until he left the DCI.

3.  That there were multiple text messages between Herman and Eamon. [2]
Despite Eamon's initial claim that Herman fabricated the text messages, the text
messages between Herman and Eamon are real and have been provided to the State
as part of its investigation.  These text messages have been requested but have not
been provided by the USAO.  (Exhibit E – Filed Separately, Under Seal) and
(Exhibit F).

**Due Process Protection Act**

In 2020, President Trump signed the Due Process Protections Act.  The
DPPA amended the Federal Rules of Criminal Procedure to require district courts
to issue an order confirming prosecutors' disclosure obligations under *Brady v.
Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of
violating such order.  *See The Due Process Protections Act: A New Opportunity
for Defense Counsel to Advocate for Broad and Meaningful Brady Orders in
Criminal Cases Brian M. Heberling, Nicholas P. Silverman.*

At both his initial arraignment on July 16, 2024, and his arraignment on the
Superseding Indictment on October 28, 2024, Magistrate Cavan entered an order
advising the Government of its duty to disclose evidence under Criminal Rule 5f.
Although no order or notice was filed for the Due Process Protection Act

---

[2] The defense by way of subpoena had separately confirmed the dates and times of
the text messages but to date have not been tendered the text message content. See
Exhibit F).

Requirements after the October 28, 2024, arraignment, the minutes from the hearing reflect that the Court ordered the government to comply with Rule 5(f) (Exhibit G and CM-ECF Doc. 23). This Order requires the government "produce all information or evidence known to the government relating to the guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence." See *United States v. Price*, 566 F.3d 900, 913 n. 14 (9th Cir. 2009).

**ARGUMENT**

On March 6, 2025, after a phone call with AUSA Starnes undersigned counsel emailed AUSA Starnes and informed him of the investigation the Federal Defenders Office had undertaken and specifically requested the following discovery:

1. Shawn Herman's interview conducted by the DCI in July 2024.

2. Kamran Mallak's interview by the DCI in August 2024.

3. Text messages between Herman and Eamon.

4. The 302 from the second meeting Duermeier had with Mallak.

Instead of turning over the requested discovery, AUSA Starnes informed undersigned counsel via email on March 12, 2025, that "we have not done any substantive work with the DCI for the federal case, and they are not part of the

8

prosecution team."  The email goes on to state that, "My understanding is the FBI had some limited interaction with them since there is overlap between the state homicide case and the federal case, but DCI never performed any substantive work on the federal case."  AUSA Starnes then says to "alleviate any concern" they will not be calling Mallak or Herman or using the alleged confession in their case-in-chief.  (Exhibit H).  To date, the only item tendered to the defense from the March 6, 2025, request is a 302 prepared by Duermeier after the fact to account for his second undisclosed meeting with Mallak- a meeting the defense only learned about from listening to a jail call between Herman and Mallak on August 30, 2024. (Exhibit I).

Until the time of the disclosure by the Federal Defenders Office to the Government in March 2024 that there were serious issues with the circumstances surrounding the alleged confession of Lewis, the Government fully intended to use the alleged confession originally taken by the DCI in July 2024 that was followed up on by the FBI several weeks later.  At no point did the Government inform the defense of the situation playing out in state court regarding Kamran Mallak and now they claim the DCI isn't part of the Government team.  In a separate email dated March 12, 2025, AUSA Starnes explained that since the government "will not call them as witnesses (Herman, Mallak), and therefore will not be discussing statements Lewis made to either of them, or the written materials they obtained

from Lewis none of this is relevant." The Government should not be able to assert that since they are not going to use a certain piece of evidence that the same goes for the defense. That argument essentially negates the protections that Rule 5f was meant to support as the Government's strategy seems to be that simply telling the defense they won't use any of the information somehow negates their responsibility under the Due Process Protection Act and *Brady* to provide it to the defense for review. The Government is not defense counsel and their judgment cannot be substituted for Lewis's counsel.

In the May 6, 2025, email, AUSA Starnes indicates that he will not use the alleged confession but then in the next breath states that if the defense chooses to call Mallak and Herman, they "may seek to cross examine either of them in regard to information Mr. Lewis told them while he was cellmates with Mallak." This statement is problematic. First, how can the defense assess whether to call either Mallak or Herman when the Government refuses to turn over relevant, material evidence that would assist the defense in making this determination. Second, the requested discovery is necessary so that a determination can be made by the defense whether a motion is necessary for a pretrial ruling from this court about what is allowed into evidence at trial.

Former DCI Agent Eamon's unsavory conduct in this case also falls under Rule 5f and therefore any *Henthorn* material pertaining to him should be disclosed.

Lewis previously requested *Henthorn* material by way of defendant's discovery letter. (Exhibit J). As a member of the investigation team since the inception of Lewis's state matter, his deceitful and dishonest behavior in communicating with not only Herman, but State prosecutor, John Ryan is relevant as it bares on every step, he took during the Lewis investigation including any part he may have had in the collection of any evidence from the crime scene. By his own admission, he was asked to step back from this case and then shortly thereafter he was no longer employed by DCI. Certainly, his conduct could be used to impeach any action he took while investigating this matter and potentially his partner DCI Agent James Ward.

By failing to provide all relevant and material evidence to the defense the United States has violated their discovery disclosure under Rule 5F.

## CONCLUSION

WHEREFORE, Lewis requests this Court Order the Government to tender the requested discovery.

RESPECTFULLY SUBMITTED this 30th day of June 2025.

s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
Counsel for Defendant

/s/ Gillian E. Gosch
GILLIAN E. GOSCH
Federal Defenders of Montana
  Counsel for Defendant

11

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief=s line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 2,105 excluding tables and certificates).

DATED this 30th day of June, 2025.

s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
     Counsel for Defendant

/s/ Gillian E. Gosch
GILLIAN E. GOSCH
Assistant Federal Defender
     Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on June 30, 2025, a copy of the foregoing document was

served on the following persons by the following means:

|        |                                |
|--------|--------------------------------|
| ___    | CM-EDF                         |
| 1, 2   | Hand Delivery                  |
| 3      | Mail                           |
| ___    | Overnight Delivery Service     |
| ___    | Fax                            |
| ___    | E-Mail                         |

1.    CLERK, UNITED STATES DISTRICT COURT

2.    JEFFREY K. STARNES
      Assistant United States Attorney
      United States Attorney's Office
      119 First Ave. North, #300
      Great Falls, MT  59401
            Counsel for the United States of America

3.    KADIN HAWKEYE LEWIS
      Defendant

> s/ Steven C. Babcock
> STEVEN C. BABCOCK
> Federal Defenders of Montana
>       Counsel for Defendant


> /s/ Gillian E. Gosch
> GILLIAN E. GOSCH
> Federal Defenders of Montana
>       Counsel for Defendant