# DEFENDANT'S EXHIBIT H
# Emails with AUSA Starnes – 3.6.25, 3.12.25, 3.13.25, 5.6.25

**United States v. Kadin Hawkeye Lewis**
CR-23-143-BLG-SPW

**Gillian Gosch**

| | |
|---|---|
| From: | Starnes, Jeff (USAMT) <Jeff.Starnes@usdoj.gov> |
| Sent: | Thursday, March 13, 2025 8:59 AM |
| To: | Gillian Gosch; Steven Babcock |
| Cc: | Hargrove, Benjamin (USAMT) |
| Subject: | RE: Kadin Lewis |

We wont call Mallak as a witness, so he won't be testifying to anything Lewis told him.

**JEFFREY K. STARNES**
Assistant United States Attorney
U.S. Attorney's Office - District of Montana
119 1st Ave. N., Ste. 300| Great Falls, MT 59401
✆ (406) 771-2003 | 🖨 (406) 453-9973
✉ jeff.starnes@usdoj.gov

**CONFIDENTIALITY NOTICE:** This communication may contain law enforcement sensitive, privileged attorney/client communications or work product, and is not subject to disclosure. It is solely for the use of the intended recipients. Unauthorized interception, review, use or disclosure is prohibited. If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete the e-mail, any attachments, and all copies from your computer.

**From:** Gillian Gosch <Gillian_Gosch@fd.org>
**Sent:** Wednesday, March 12, 2025 1:34 PM
**To:** Starnes, Jeff (USAMT) <Jeff.Starnes@usdoj.gov>; Steven Babcock <Steven_Babcock@fd.org>
**Cc:** Hargrove, Benjamin (USAMT) <Benjamin.Hargrove@usdoj.gov>
**Subject:** [EXTERNAL] Re: Kadin Lewis

So does that mean you won't be utilizing the confession that was obtained?

Get Outlook for iOS

**From:** Starnes, Jeff (USAMT) <Jeff.Starnes@usdoj.gov>
**Sent:** Wednesday, March 12, 2025 1:22:58 PM
**To:** Gillian Gosch <Gillian_Gosch@fd.org>; Steven Babcock <Steven_Babcock@fd.org>
**Cc:** Hargrove, Benjamin (USAMT) <Benjamin.Hargrove@usdoj.gov>
**Subject:** RE: Kadin Lewis

Jill and Steve –

I did some digging around and can tell you we have not done any substantive work with DCI for the federal case and they are not part of the prosecution team. My understanding is the FBI had some limited interaction with them since there is overlap between the state homicide case and the federal case, but DCI never performed any substantive investigative work on the federal case.

I do not know what interactions DCI had with Mr. Mallak, but to alleviate any concern, we have determined that we will not call Mr. Mallak as a witness in the federal case. Likewise, we will not call Shawn Herman as a witness (who was never going to be a witness in our case).

I believe that should address the concerns you presented below, but I am happy to discuss this further with you if you like. I am out of the office this afternoon but am otherwise around. Thank you.

-Jeff

1

since there is overlap between the state homicide case and the federal case, but DCI never performed any substantive investigative work on the federal case.

I do not know what interactions DCI had with Mr. Mallak, but to alleviate any concern, we have determined that we will not call Mr. Mallak as a witness in the federal case. Likewise, we will not call Shawn Herman as a witness (who was never going to be a witness in our case).

I believe that should address the concerns you presented below, but I am happy to discuss this further with you if you like. I am out of the office this afternoon but am otherwise around. Thank you.

-Jeff

**JEFFREY K. STARNES**
**Assistant United States Attorney**
**U.S. Attorney's Office - District of Montana**
119 1st Ave. N., Ste. 300| Great Falls, MT  59401
) (406) 771-2003 | 📠 (406) 453-9973
✉ jeff.starnes@usdoj.gov

**CONFIDENTIALITY NOTICE:** This communication may contain law enforcement sensitive, privileged attorney/client communications or work product, and is not subject to disclosure. It is solely for the use of the intended recipients. Unauthorized interception, review, use or disclosure is prohibited. If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete the e-mail, any attachments, and all copies from your computer.

**From:** Gillian Gosch <Gillian_Gosch@fd.org>
**Sent:** Thursday, March 6, 2025 4:17 PM
**To:** Starnes, Jeff (USAMT) <JStarnes@usa.doj.gov>; Hargrove, Benjamin (USAMT) <BHargrove@usa.doj.gov>
**Cc:** Steven Babcock <Steven_Babcock@fd.org>
**Subject:** [EXTERNAL] Kadin Lewis

Jeff & Benjamin-

After our phone call this afternoon, Steve and I discussed where we are at with the Lewis investigation and have decided to disclose to you the following.

We have subpoenaed phone calls and tablet messages between Mallak and Herman from July 16, 2024, thru February 2025. The phone calls are full of information regarding Lewis's case as it is now intertwined with Mallak's. There is quite a bit of information contained therein, and I will not lay it all out, but Herman may have been working at the direction of the DCI in obtaining the confession of our client amongst other things. Through these calls and pleadings attached to this email we have become aware of the ongoing battle regarding alleged promises made to Mallak. According to Mallak, Herman and text messages purported to be from DCI Agent Eamon – Both the State and your office may have made promises to him for his cooperation. If true, this is clear Brady/Giglio material. We have through these pleadings also identified the following discovery that has not been tendered to our office.

1. Shawn Herman's interview conducted by the DCI in July 2024.
2. Kamran Mallak's interview by the DCI in August 2024
3. Text messages from DCI Ryan Eamon's phone (between Eamon and Herman) that appear to have been destroyed and not maintained by the DCI. A point that becomes important because the State filing alleges the confession taken by Herman and Mallak was coerced. Clearly, those text messages would be relevant to a motion to suppress.
4. As you can see from the pleading the State has issued an investigatory subpoena for Herman's phone as they allege, she doctored the test messages Mallak's attorney did attach to support his Motion to Dismiss. These text messages state that meetings were had with the AG, Scott Twito, Ed Zink etc. regarding Mallak and Lewis's cases.

5. The jail calls also indicated that FBI agent Duermeier had a second meeting at the jail with Mallak- we have not received a 302 or audio of that interview.

This is just some of the information that we have obtained. We have attached for you Mallak's Motion to Dismiss as well as the State's response. We are not trying to be coy about our investigation but we have serious concerns about how the confession was obtained.

Welcome to the party.

*Gillian Gosch*
*Assistant Federal Defender*
*175 North 27th Street, Suite 401*
*Billings, MT 59101*
*(406) 259-2459*
*(406) 259-2569*



3

## Gillian Gosch

| | |
|---|---|
| **From:** | Starnes, Jeff (USAMT) <Jeff.Starnes@usdoj.gov> |
| **Sent:** | Tuesday, May 6, 2025 8:52 AM |
| **To:** | Steven Babcock; Gillian Gosch |
| **Cc:** | Hargrove, Benjamin (USAMT); Farris, Tammy (USAMT) |
| **Subject:** | Mallak Hearing Transcript |
| **Attachments:** | OR to Unseal Records to US Atty Ofc 5-1-25.pdf; DC-24-568_032025 Transcript.pdf |

Steve and Jill –

Good morning. I wanted to let you know we reached out to Yellowstone County and Friday afternoon, they provided the attached transcript from a hearing involving Kamran Mallak and whether there was outrageous government conduct in his case. I believe Steve was at the hearing before he was asked to leave since he makes a short appearance on the record before the proceedings were sealed.

In any event, Shawn Herman testified at the hearing, as did former DCI Agent Ryan Eamon, DCI Agent James Ward, Ed Zink, and Steve Hallam. According to Herman's testimony as I understand it, Mallak disclosed to Herman that Lewis admitted the homicide, and he and Herman then decided to reach out to law enforcement to attempt to obtain a deal for Mallak in exchange for his cooperation. That lead to Eamon engaging in text messages with Shawn Herman who then appears to have been a relay to Mallak.

We are disclosing this transcript to you out of abundance of caution in an effort to be as transparent as we can about Mallak's interactions with your client and DCI. However, this does not change our position in that we do not intend to call Mallak or Shawn Herman as witnesses in our case-in-chief. Our view is that since we will not call them as witnesses, and therefore will not be discussing statements Lewis made to either of them, or the written materials they obtained from Lewis, none of this is relevant. If you decide to call Mallak or Herman as defense witnesses, we may seek to cross examine either of them in regards to information Mr. Lewis told them while he was cellmates with Mallak.

Please let me know if you would like to discuss this or anything else about the case. Thank you.

-Jeff

**JEFFREY K. STARNES**
Assistant United States Attorney
**U.S. Attorney's Office - District of Montana**
119 1st Ave. N., Ste. 300| Great Falls, MT 59401
℩ (406) 771-2003 | ▤ (406) 453-9973
✉ jeff.starnes@usdoj.gov
**CONFIDENTIALITY NOTICE:** This communication may contain law enforcement sensitive, privileged attorney/client communications or work product, and is not subject to disclosure. It is solely for the use of the intended recipients. Unauthorized interception, review, use or disclosure is prohibited. If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete the e-mail, any attachments, and all copies from your computer.