# DEFENDANT'S EXHIBIT J
# Defendant's Discovery Letter to AUSA Starnes

**United States v. Kadin Hawkeye Lewis**
**CR-23-143-BLG-SPW**

**THE FEDERAL DEFENDERS OF MONTANA**

| | | |
|---|---|---|
| RACHEL JULAGAY – Great Falls<br>FEDERAL DEFENDER<br><br>MICHAEL DONAHOE - Helena<br>DEPUTY FEDERAL DEFENDER<br><br>R. HENRY BRANOM Jr. – Great Falls<br>SENIOR LITIGATOR | BILLINGS OFFICE<br>175 N 27th ST. Suite 401<br>BILLINGS, MONTANA 59101<br>(406) 259-2459<br>FAX (406) 259-2569<br>MONTANA ONLY (800) 823-2459 | ASSISTANT FEDERAL DEFENDERS<br>STEVEN BABCOCK - Billings<br>EVANGELO ARVANETES - Billings<br>GILLIAN GOSCH - Billings<br>RUSSELL HART - Billings<br>EDWARD WERNER - Billings<br>DAVID NESS - Great Falls<br>CLARK MATHEWS – Great Falls<br>SHENA ROATH - Helena<br>JOHN RHODES - Missoula<br>ANDREW NELSON - Missoula |

July 16, 2024

Mr. Jeffrey K. Starnes
Assistant United States Attorney
United States Attorney's Office
2601 2nd Avenue North, Suite 3200
Billings, MT  59101

           Re:    **United States v. Kadin Hawkeye Lewis**
                  **Case No. CR-23-143-BLG-SPW**

Dear Mr. Starnes:

     Please accept this "discovery letter" as Kadin Hawkeye Lewis' - formal request for all materials that he is entitled under the Fifth and Sixth Amendments to the United States Constitution, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and pertinent Circuit and United States Supreme Court case law, as well as those items the Government reveals in accord with custom, practice and Local Rules in the District of Montana.  I have used a discovery letter rather than filing a pretrial discovery motion to avoid unnecessary involvement by the Court, promote judicial economy and to begin the discovery process in a timely fashion.  This letter is intended to initiate a non-confrontational discovery procedure, but in no way is meant to waive the defendant's right to file an appropriate discovery motion (See, Fed.R.Crim.P. 12(b)(3)(E)).

     In accord with the aforementioned constitutional, statutory and judicial authority please provide copies of all relevant material in the Government's possession, custody or control that is intended for use during trial, that supports the charge(s) in the Indictment, or that otherwise relates to this case. The requests are continuing in nature:

     a.    <u>SCIENTIFIC EVIDENCE</u>:  All reports relating to forensic, chemical, computer and/or scientific evidence in this case, including the names, addresses and telephone numbers of all individuals who conducted any forensic, chemical, and/or scientific testing or evaluation(s). See, Fed.R.Crim.P. 16(a)(1)(E) and (F); [if applicable, a separate request concerning DNA may follow]

     b.    <u>EXPERTS</u>:  Based on Rule 16(a)(1)(G) and the Supreme Court's decisions in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc</u>., 509 U.S. 579, 589 (1993), <u>General Electric Co. V.</u>

Joiner, 522 U.S. 136 (1997), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), please produce and provide the following information:

1) A written summary of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence;

2) A written summary of the bases and reasons for the expert's opinion, including:

   (a) the facts and data relied upon by the expert in formulating his/her opinion;

   (b) a statement describing the principles and methods used by the expert in arriving at his/her opinion;

   (c) an explanation describing how the expert applied those principles and methods to the facts of the case; and

   (d) a statement as to how the expert's testimony and/or opinion will assist the trier of fact to understand the evidence or to determine a fact in issue.

3) A written statement of the qualifications of any expert witness, including but not limited to, the expert's education, experience, and a copy of his or her *curriculum vitae*.

In order to avoid future misunderstanding, please be advised that the information sought in this request includes testimony of law enforcement agents/witnesses who may be called to give an opinion under Rules 702 through 705 of the Federal Rules of Evidence during any phase of the trial and regarding any issue raised in the Government's case. See, e.g., United States v. Mejia-Luna, 562 F.3d 1216 (9th Cir. 2009). This request also includes testimony of any summary witness called pursuant to Rule 1006 of the Federal Rules of Evidence when such witness is expected to give expert testimony.

    c.    PHYSICAL EVIDENCE: Any item of physical evidence – including books, papers, documents, data, photographs, telephone and toll records, bank statements, money transfers, or other tangible items – that the Government may use at trial, is material to preparation of a defense, was obtained from or belongs to the Defendant, or otherwise relates to this case. See, Fed R. Crim. P. 16(a)(1)(E).

    d.    PHOTOGRAPHIC AND RELATED EVIDENCE: Copies of any and all photographs, crime scene sketches, fingerprint evidence, footprint evidence, and the like that the Government may use at trial, is material to preparation of a defense, was obtained from or belongs to the Defendant, or otherwise relates to this case. See, Fed R. Crim. P. 16(a)(1)(E).

    e.    STATEMENTS BY DEFENDANT: All oral, written or recorded statements made by the Defendant that are within the Government's possession, custody, or control. The information sought in this request includes: (1) the substance of any oral statement made before or after arrest by the Defendant to any law enforcement officer or third party; (2) any written or

recorded statements made by the Defendant relating to the offense; (3) the Defendant's testimony before a grand jury relating to the charged offense; and (4) the written notes and memoranda of any and all law enforcement agents who questioned the Defendant. See, Fed R. Crim. P. 16(a)(1)(A) and (B).

      f.    <u>DEFENDANT'S PRIOR CRIMINAL RECORD</u>: Copies of the Defendant's prior criminal record, if any. See, Fed R. Crim. P. 16(a)(1)(D). This request includes information the Government may seek to introduce pursuant to Rules 608 *and* 609 of the Federal Rules of Evidence. See, <u>United States v. Osazuwa</u>, 564 F.3d 1169 (9th Cir. 2009).

      g.    <u>ELECTRONIC SURVEILLANCE</u>: Perhaps not pertinent here, I nevertheless request, pursuant to 18 U.S.C. § 2510, *et seq.*, and § 3504, copies of all information related to electronic surveillance, including G.P.S. tracking.

      h.    <u>WITNESS STATEMENTS</u>: Any statement made by any prospective witness of the Government that relates to the witness' expected testimony at trial. See, 18 U.S.C. § 3500 and Fed R. Crim. P. 26.2. I understand that the United States Attorney for the District of Montana has a "Strict Rule 16 Policy" – to withhold witness statements (including transcripts of Grand Jury testimony) until shortly before trial. Nevertheless, in conformity with its "Rule 16 Plus Exception" I request that you provide any witness statements and/or memoranda of interviews in the Government's possession promptly so that they can be reviewed well in advance of trial. Prompt disclosure will, in my view, facilitate early settlement discussions and prevent unnecessary delay during trial in the event settlement cannot be reached. The government's obligation to provide <u>Brady</u> evidence in a timely manner is not diminished either by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16. The government must resolve any doubt in favor of full disclosure. See <u>United States v. Paxson</u>, 861 F.2d 730, 737 (D.C. Cir. 1988).

      i.    <u>HANDWRITTEN NOTES</u>: All original handwritten notes prepared by law enforcement agents during interviews with prospective Government witnesses or with the accused. Through this request, I am seeking all law enforcement notes prepared at the time of arrest, all FBI, State and local police investigator's notes, all memos prepared by arresting officers, all dispatch tapes, all statements – both sworn and unsworn – relating to this case, and all prosecution reports pertaining to the acts alleged in the indictment as available under Fed. R. Crim. P. 16(a) and (c), Fed. R. Crim. P. 26.2, Fed. R. Crim. P. 12(h), and 18 U.S.C. § 3500. I realize we may disagree regarding the obligation of the Government to *provide* this information. If you will not give me a copy of the notes now, under Ninth Circuit case law I ask that you instruct the agents and officers to *preserve* all original notes. See, <u>United States v. Riley</u>, 189 F.3d 802 (9th Cir. 1999). See also, <u>United States v. Harris</u>, 543 F.2d 1247, 1252-1253 (9th Cir. 1976).

      j.    <u>SEARCH WARRANTS, ETC.</u>: Evidence bearing upon the legality of any search, stop, arrest, statement or confession, including copies of search warrants, arrest warrants, affidavits for warrants, <u>Miranda</u> waiver forms, warrant returns, FBI and tribal police warrant execution notes, incident reports, police reports, and consent to search forms used in this case and a list of all items seized in relation to this case. See, Fed R. Crim. P. 12(b)(4)(B).

    k.    <u>OTHER CRIME(S) EVIDENCE</u>: Inform Defense Counsel, as required by Fed.R.Evid. 404, in writing, as to whether or not the Government intends to introduce any evidence of "other crimes, wrongs or acts" in addition to the crime(s) alleged in the Indictment. If so, provide the following:

    1)    The date(s), time(s) and place(s) of the crime(s), wrong(s), or act(s);

    2)    A general description of the crime(s), wrong(s) or act(s) involved;

    3)    The names, addresses and telephone numbers of all individuals involved in crime(s), wrong(s), or act(s) as either principals, accomplices, victims or witnesses;

    4)    The purpose for which the Government intends to introduce such evidence. See, <u>United States v. Arambula-Ruiz</u>, 987 F.2d 599, 602-603 (9th Cir. 1993).

    l.    <u>OTHER CRIME(S) EVIDENCE IN SEX CASES</u>: Inform Defense Counsel, as required by Fed.R.Evid. 413 and Fed.R.Evid. 414, in writing, as to whether or not the Government intends to introduce any evidence of the defendant's commission of another offense or offenses of sexual assault or child molestation in addition to the crime(s) alleged in the Indictment. If so, provide the following:

    1)    The date(s), time(s) and place(s) of the crime(s), wrong(s), or act(s);

    2)    A general description of the crime(s), wrong(s) or act(s) involved;

    3)    The names, addresses and telephone numbers of all individuals involved in the crime(s), wrong(s), or act(s) as either principals, accomplices, victims or witnesses;

    4)    The purpose for which the Government intends to introduce such evidence.

    m.    <u>CONFIDENTIAL INFORMANTS, UNDERCOVER AGENTS AND INFORMERS</u>: I request that you reveal whether or not there was any informer(s), confidential informant(s), and/or undercover agent(s) involved in this case and if so:

        1)    Reveal the identity of any such informer(s), confidential informant(s), and/or undercover agent(s);

        2)    Produce any statements and reports made by such informer(s), confidential informant(s), and/or undercover agent(s); and

        3)    Produce any recordings, and transcripts thereof, of any conversation in which such informer(s), confidential informant(s), and/or undercover agent(s) was involved that relates to this case.

See, <u>Roviaro v. United States</u>, 353 U.S. 53, 64-65 (1957) (The Government must disclose an informant's identity where the informant actively participated and/or was a percipient witness to

the acts underlying the prosecution); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997); United States v. Ordonez, 722 F.2d 530, 538-541 (9th Cir. 1983).

      n.      EXCULPATORY EVIDENCE: Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, the government has a continuing obligation to produce all evidence required by the law and the Federal Rules of Criminal Procedure. See id. at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request). In Kyles v. Whitley, 414 U.S. 419 (1995), the Supreme Court held that a prosecutor must conduct an inventory of his or her entire case. Any favorable and material evidence discovered during the inventory must be disclosed to the defense. This obligation includes the duty to ferret out "favorable evidence known to others, acting on [the prosecutor's] behalf in the case, including the police." Id. at 1567. A prosecutor is deemed to have knowledge of anything known to any agency participating in the investigation for Rule 16 and Brady purposes. United States v. Herring, 83 F.3d 1120 (9th Cir. 1996).

      The Ninth Circuit has said it is the Government's obligation to turn over *all* information bearing on a prosecution witness's credibility. This must include the witness's criminal *record*, including prison records, and any information therein which bears on credibility. See, United States v. Price, 566 F.3d 900 (9th Cir. 2009).

> [T]he 'materiality' standard usually associated with *Brady* . . . should not be applied to pretrial discovery of exculpatory materials. . . . [J]ust because a prosecutor's failure to disclose evidence does not violate a defendant's due process rights does not mean that the failure to disclose is proper. . . . [T]he absence of prejudice to the defendant does not *condone* the prosecutor's suppression of exculpatory evidence [*ex ante*]. . . . [Rather,] the proper test for pretrial disclosure of exculpatory evidence should be an evaluation of whether the evidence is favorable to the defense, i.e., whether it is evidence that helps bolster the defense case or impeach the prosecutor's witnesses. . . . [I]f doubt exists, it should be resolved in favor of the defendant and full disclosure made. . . . [T]he government [should therefore] disclose all evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence.

Id. at footnote 14. See also United States v. Agurs, 427 U.S. 97 (1976); see also, United States v. Brumel-Alvarez, 976 F.2d 1235, 1240 (9th Cir. 1992)("[e]vidence impeaching the testimony of a Government witness falls within the Brady rule when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence."); Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 766 (1972). Our request includes, but is not limited to, the following:

    1)    The existence, substance and manner of execution or fulfillment of any promises, agreements, understandings and arrangements, either oral or written between the Government and any prospective Government witness, or his/her attorneys or representatives, wherein the Government has agreed, either directly or implicitly,

        (a)    not to prosecute the witness for any crime or crimes;

___

      (b)      not to prosecute a third party for any crime or crimes;

      (c)      to provide a formal grant of statutory immunity, or an informal assurance that the witness will not be prosecuted in connection with any testimony furnished by the witness;

      (d)      to recommend leniency in sentencing or to recommend a particular sentence for any crime or crimes for which he/she is convicted;

      (e)      to cause the change of identity of such witness;

      (f)      to render or recommend any beneficial treatment with respect to pending or proposed non-criminal investigations, such as income tax or civil forfeiture proceedings;

      (g)      to provide any other favorable treatment or consideration to the witness, or his/her friends or relatives, such as not revealing the identity of the witness, friend or relative, or omitting the name of the witness, friend or relative as an unindicted co-conspirator in any indictment, in return for the witness' cooperation and/or testimony.

    2)      Any information that otherwise pertains to the credibility, bias or motive of a potential Government witness, including but not limited to:

      (a)      a complete disclosure as to any mental examinations, and the results of tests conducted;

      (b)      information regarding prior bad acts or misconduct;

      (c)      criminal records;

      (d)      lists of questions and answers, and results and interpretations of polygraph examinations given to individuals who supplied information about the transactions alleged in the Indictment.

    3)      The same information requested hereinabove with respect to any non-witness declarant whose statements are to be offered in evidence. See, e.g., Fed.R.Evid. 806.

    o.    *HENTHORN* REQUEST:    The defense specifically makes a *Henthorn* request in this case. A prosecutor's obligation under *Brady* also requires that he or she review the personnel files of all federal, state and tribal agents involved in the investigation for information that would cast doubt on their credibility. See, *United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1991) and *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir. 1992).

   p. <u>CO-CONSPIRATORS</u>:  Please provide the names, addresses and telephone numbers of all co-conspirators or unindicted co-conspirators.  Inform Defense Counsel as to whether or not the Government intends to introduce any co-conspirator's statement(s) at trial.  Please also provide copies of the reports, notes, and/or transcripts of all statements which the prosecution believes falls the co-conspirator exception to the hearsay rule. See Fed.R.Evid. 801(d)(2)(e).

   In light of the extremely serious nature of the charge(s) in the Indictment, I respectfully suggest that the Government not measure its disclosure obligations by the appellate standard of materiality announced in <u>United States v. Bagley</u>, 473 U.S. 667 (1985).  Rather, I respectfully request that the Government reach for a standard higher than mere acquiescence with the letter of <u>Brady</u> and its progeny and provide any and all evidence that is even arguably favorable to the defense.  See also, <u>United States v. Price</u>, 566 F.3d 900 (9th Cir. 2009) (the proper test for pretrial disclosure of exculpatory evidence should be an evaluation of whether the evidence is favorable to the defense, i.e., whether it is evidence that helps bolster the defense case or impeach the prosecutor's witnesses).  Favorable evidence includes evidence that makes guilt less likely because it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." <u>United States v. Stever</u>, 603 F.3d 747, 753-55 (9th Cir. 2010) (citing Fed.R.Evid. 401).  To require disclosure, the evidence need not exonerate the defendant, it should simply make guilt less likely. <u>Id</u>. at 753.

   I sincerely wish to avoid a conflict regarding discovery, but, if the Government feels that my requests are over broad or inappropriate, please call me or specify in your written response why certain items will not be produced.  I wish to avoid filing a Motion demanding discovery pursuant to Fed.R.Crim.P. 12(b)(3)(E) or a Motion under Fed.R.Crim.P. 16(d), but if a legitimate controversy arises, perhaps it may be best to have that dispute resolved by the Court.

   Thank you in advance for providing all requested material.

                 Sincerely yours,

                 Steven C. Babcock
                 Assistant Federal Defender

SCB/jds

cc: Kadin Hawkeye Lewis