STEVEN C. BABCOCK
GILLIAN E. GOSCH
Assistant Federal Defender
Federal Defenders of Montana
175 N. 27th Street, Suite 401
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
steven_babcock@fd.org
gillian_gosch@fd.org
      Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KADIN HAWKEYE LEWIS,<br><br>    Defendant. | **Case No. CR-23-143-BLG-SPW**<br><br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS THE SUPERSEDING INDICTMENT DUE TO SPOILATION OF EVIDENCE** |

## INTRODUCTION

Defendant, KADIN HAWKEYE LEWIS (hereinafter Lewis), by and through his counsel Steven C. Babcock and Gillian E. Gosch, Assistant Federal Defender's, and the Federal Defenders of Montana, filed a Motion to Dismiss the Superseded Indictment for Spoilation of Evidence. This brief supports that motion.

1

## RELEVANT PROCEDURAL HISTORY

On October 7, 2022, Kadin Lewis was arrested and charged by the State of Montana with deliberate homicide in violation of Montana State Code 45-5-102. On December 7, 2023, Lewis was charged in United States District Court with Possession of Unregistered Destructive Devices in violation of 26 U.S.C. § 5861 (d). On July 15, 2024, the State dismissed the deliberate homicide charge and Lewis made his initial appearance before Magistrate Cavan on July 16, 2024. Also on July 16, 2024, defendant filed his discovery request with this court (Doc No. 12). On October 17, 2024, a Superseding Indictment was returned against Lewis. Lewis is currently detained pending a disposition of this matter.

## FACTS

**Collection of Evidence from Trailer**

On September 19, 2022, Park County Dispatch was alerted to a deceased male in a travel trailer located on East River Road, Pray Montana. The deceased male appeared to have been shot. During the investigation, information was developed that led law enforcement to believe that Lewis was the perpetrator, and he was arrested. While searching the travel trailer on September 19, 2022, law enforcement located what they believed to be 7 glass bottles with flammable liquid (Molotov Cocktails) which form the basis of the instant charges. Law enforcement emptied the bottles of the liquid and left the bottles, rags, and liquid on scene,

2

outside the travel trailer.  On October 14, 2022, law enforcement returned to location of the travel trailer and collected the bottles, rags and whatever liquid remained in the bottles.

**RELEVANT CASE LAW**

<u>**Spoilation**</u>

To establish that the Government deprived him of due process by destroying potentially exculpatory evidence, the defendant must show both that the evidence destroyed was potentially exculpable and that the government acted in bad faith in destroying it.  *United States v. Beckstead* 500 F.3d 1154.  The government violates the defendant's right to due process if the unavailable evidence possessed "exculpatory value that was apparent before the evidence was destroyed and is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."  *California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984).  If the defendant cannot show bad faith on the part of the police, failure to preserve potentially exculpatory evidence does not constitute denial of due process.  *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L. Ed2d 281 (1988).  The presence or absence of bad faith necessarily turns on the Government's knowledge of the potentially exculpatory value.  *Youngblood*, 488 U.S. at 56n.*, 109 S.Ct. 333.  Destruction of evidence in

accordance with an established procedure precludes a finding of bad faith absent other compelling evidence. *United Staes v. Deaner*, 1 F.3d 192, 202 (3d Cir. 1993).

## ARGUMENT

Lewis's due process rights have been violated because the Government failed to preserve the liquid contained in the bottles and left the bottles unattended and exposed to outdoor and unknown elements for approximately three weeks. The liquid in the bottles is "evidence that might be expected to play a significant role in [Lewis's] defense." *Trombotta*, 467 U.S. at 489. The evidence the Government failed to preserve "possess(ed) an exculpatory value that was apparent before [it] was destroyed" and was of such a nature that [Lewis] is unable to obtain comparable evidence by other reasonably available means." *Trombotta*. 467 U.S. at 489. In *United States v. Zaragoza-Moreira*, the government's failure to preserve video footage, which covered events leading up to the defendant's arrest, violated the defendants due process rights to a complete defense 780 F.3d 971 (9th Cir. 2015). The court reasoned that the Customs and Border Protection officer knew the exculpatory value of the evidence from an extensive interview with the defendant, where she repeatedly asserted that she was under duress during the alleged crime *Id.* The defendant's consistently maintained narrative of events, that she was trying to get the officer's attention, heavily swayed the Ninth Circuit's conclusion *Id.* Although the defendant never explicitly told the officer to check the

4

recordings, the officer knew that there were tapes that could corroborate her explanation of events and should have known at least to preserve the evidence *Id*. The court concluded that the government knew of the potential usefulness of the video and acted in bad faith in failing to preserve it because the officer's actions were "not merely negligent or reckless, nor was the video tape destroyed in the normal course of the governments usual procedures" *Id*. Overall, the federal officer "made a conscious effort to suppress exculpatory evidence' thereby acting in bad faith." *Id*.

It is impossible to overstate the importance of the liquid evidence to the defense. Certainly, the potential dangerousness of the alleged cocktail is not lost on the defense, however, law enforcement could have dismantled the alleged cocktail and collected, inventoried and stored each component of the alleged cocktail for testing. There is no other piece of evidence that is even comparable to the liquid for the defense to try and use as a substitute to corroborate Lewis's version of events and therefore, the State's actions have deprived Lewis of presenting a complete defense.

## CONCLUSION

WHEREFORE, Lewis requests this Court dismiss the Indictment.

RESPECTFULLY SUBMITTED this 30th day of June 2025.

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
     Counsel for Defendant

/s/ Gillian E. Gosch
GILLIAN E. GOSCH
Federal Defenders of Montana
     Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended).  The brief=s line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 910 excluding tables and certificates).

DATED this 30th day of June 2025.

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
        Counsel for Defendant

/s/ Gillian E. Gosch
GILLIAN E. GOSCH
Assistant Federal Defender
        Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on June 30, 2025, a copy of the foregoing document was

served on the following persons by the following means:

|      |                           |
|------|---------------------------|
| ___  | CM-EDF                    |
| 1, 2 | Hand Delivery             |
| 3    | Mail                      |
| ___  | Overnight Delivery Service|
| ___  | Fax                       |
| ___  | E-Mail                    |

1.    CLERK, UNITED STATES DISTRICT COURT

2.    JEFFREY K. STARNES
      Assistant U.S. Attorney
      United States Attorney's Office
      119 First Ave. North, #300
      Great Falls, MT  59401
            Counsel for the United States of America

3.    KADIN HAWKEYE LEWIS
            Defendant

                              /s/ Steven C. Babcock
                              STEVEN C. BABCOCK
                              Federal Defenders of Montana
                                   Counsel for Defendant


                              /s/ Gillian E. Gosch
                              GILLIAN E. GOSCH
                              Federal Defenders of Montana
                                   Counsel for Defendant

8