STEVEN C. BABCOCK
GILLIAN E. GOSCH
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 North 27th Street, Suite 401
Billings, MT 59101
Phone: (406) 259-2459
Fax: (406) 259-2459
steven_babcock@fd.org
gillian_gosch@fd.org
      Attorney for Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>KADIN HAWKEYE LEWIS,<br><br>Defendant | Case No. CR-23-143-BLG-SPW<br><br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS** |

Defendant KADIN HAWKEYE LEWIS has moved to suppress evidence because the search warrants or execution of the search warrants were in violation of the Fourth Amendment of the United States Constitution. Kadin files this Reply to the Government's Response.

The Government contends that the Court should deny the Motion to Suppress for four reasons. (1) the warrants contain sufficient information; (2) the warrants sufficiently describe the place to be searched; (3) each warrant was obtained and executed in good faith by law enforcement; (4) if some categories of items listed in the search warrants were overbroad, the federal search warrant contains ample probable cause to support the search.

The warrants do not contain sufficient information. The Government, unlike the State of Montana, does not concede this fact but the Government certainly acknowledges this issue. "First, although sparse, the warrants contain sufficient information" Gov. Response pg. 2. Undoubtably, the probable cause statements in Search Warrants 1 and 2 are sparse, but that does not make them constitutionally deficient." Gov. Response pg. 12. "Though the facts contained in the search warrants are admittedly sparse, they convey the essential basis for believing the trailer likely contained evidence of the crime of homicide, and a neutral judge found them sufficient and authorized the search." Gov. Response pg. 23-24.

Kadin stands by the arguments stated in the Brief Supporting the Motion to Suppress. The warrants lack probable cause and were not tailored to any specific facts. Additionally, the search warrants do not describe the items to be seized with sufficient particularity and the search warrants are facially overbroad.

The Government's third and fourth reasons will be examined.

I.   **Good Faith Exception should not apply**

As stated, in the Brief in Support of the Motion to Suppress Detective Green applied for and was granted two search warrants.  The only change from Search Warrant 1 and Search Warrant 2 is that the evidence connected includes the trailer itself.  The Government states that Lewis does not argue that officers misstated the facts or mislead the court that issued the warrants.  Gov. Response pg. 23.  That is not accurate.  The facially overbroad search and seizure of the journal entries without providing any basis within the four corners of the warrant is a misstatement of the facts through omission.  As stated before, the good faith exception cannot be used to rescue search warrants that are facially overbroad.  *United States v. Spilotro*, 800 F.2d 959, 968 (9th Cir. 1986).

To drive this point home is the fact that the journal entries were seized pursuant to Search Warrant 1.  Based upon the overbroad search conducted pursuant to Search Warrant 1 it was decided to just take the entire trailer.  Law enforcement searched the trailer and in doing so came across the journal entries.  Instead of applying for a subsequent search warrant tailored to specific facts law enforcement doubled down on the overbroad search.  They took the entire trailer. This is not good faith.

Exclusion of evidence is the appropriate remedy.  The warrants are facially invalid.  As such, the evidence should be suppressed, and the good faith exception

should not apply. *Groh v. Ramirez*, 540 U.S. 551, 563-65 (noting that "[g]iven the particularity requirement is set forth in the text of the Constitution, no reasonable officer could believe that a warrant that plainly did not comply with that requirement was valid.") The warrant is so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid." *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013). The *Leon* good faith exception does not apply.

    **II.    The subsequent federal search warrant and the Independent Source Exception do not save the search warrants from the Exclusionary Rule.**

On September 19, 2022, Search Warrant 1 and Search Warrant 2 were obtained by PCSO. Approximately two months later on November 21, 2022, Agent Deurmeier obtained a warrant from a federal magistrate judge. "At the time, the trailer was located in a secure storage facility following its seizure on September 19, 2022." Gov. Response pg. 6. Therefore, the entire trailer and all of its contents were already seized by law enforcement pursuant to the facially overbroad State of Montana warrants. The Government now wants this Court to rescue the journal entries from suppression because a federal search warrant was issued to search the trailer after it had already been seized by law enforcement.

Kadin still contends that all evidence seized pursuant to the overbroad search should be suppressed not just the journal entries. As stated, numerous times, all

evidence was seized pursuant to Search Warrant 1 and Search Warrant 2 on September 19, 2022. The PCSO dumped the contents of the alleged Molotov cocktails on the ground outside the trailer and then proceeded to tow the entire trailer to the evidence facility in Livingston, MT, on September 19, 2022. Over three weeks later on October 14, 2022, without a warrant, Detective Green, in coordination with the FBI, went back to the previous location and seized the remnants of the alleged Molotov cocktails. Then over a month later on November 21, 2022, Agent Deurmeier submitted an Affidavit in Support of an Application for Search Warrant with Judge Cavan. Gov. Ex. 3. Agent Deurmeier fails to mention in his Affidavit that law enforcement, including the FBI, had seized the remnants of the alleged Molotov cocktails on October 14, 2022. The Government clearly admits to this conduct in Doc. 96.

On November 21, 2022, Agent Deurmeier states, "It is anticipated that once these items are seized, they will be submitted for further testing to confirm that they are, in fact destructive devices." Gov. Ex. 3 pg. 11. Agent Deurmeier fails to disclose to Magistrate Cavan that in fact, on October 14, 2022, the items had already been seized. The only mention of October 14, 2022, is the following "On October 14, 2022, I contacted Task Force with the ATF. He conducted a database query and found no evidence that Lewis has registered any components of a destructive device or explosive in the National Firearms Transfer Record." Gov. Ex. 3 pg. 10. The

FBI submitted a request for a search warrant for alleged destructive devices for evidence that the FBI had already seized over a month prior without disclosing this fact to Judge Cavan.  Now the Government asserts that this faulty warrant is an independent source.  This warrant is a blatant violation of the Fourth Amendment.  Asking a federal magistrate to seize evidence for testing when the evidence had already been seized and already submitted for testing does not cleanse Search Warrant 1 and Search Warrant 2 it makes the situation significantly dirtier.  On October 20, 2022, Agent Deurmeier drafted an FBI 302 entitled Request of Labatory Examinations.  Over a month prior to the incomplete application for a search warrant on November 21, 2022. *See* attached Defense Exhibit 1. All the evidence should be suppressed.

It is anticipated that the Government will argue that the omission of October 14, 2022, evidence gathering was not material because the warrant was for the evidence that was already seized by the PCSO.  The problem with this after the fact argument is that all the evidence was received by the FBI laboratory on October 31, 2022, approximately three weeks prior to the application for the federal search warrant on November 21, 2022.  The FBI lab report confirms that the request was submitted by Agent Deurmeier on October 20, 2022, and the lab received the evidence on October 31, 2022.  *See* attached Defense Exhibit 2.  It appears that no

evidence was submitted for testing pursuant to the November 21, 2022, search warrant.

The question is why the federal search warrant was obtained on November 21, 2022? All the evidence had already been seized by the PCSO and the FBI. The FBI was working in correlation with the PCSO. Was the subsequent federal warrant obtained because of the problems with Search Warrants 1 and 2? This Court should not apply the Independent Source exception to the instant case. The Government is asking the Court to allow law enforcement to cure a Fourth Amendment violation because law enforcement obtained a subsequent federal warrant based upon the evidence that was obtained pursuant to facially overbroad warrants.

To establish that "evidence initially acquired unlawfully" has later been independently obtained through an untainted source, the Government must show "that no information gained" from the Fourth Amendment violations "affected either [1] the law enforcement officer's decision to seek a warrant or [2] that magistrate's decision to grant it. The Government cannot establish this. *United States v. Saelee*, 51 F.4th 327, 335 (9th Cir. 2022). The journal entries were referred to numerous times throughout the application for the federal search warrant. Pictures, drawings and exact quotes from the journal entries were listed in the application for the federal search warrant. Gov. Ex. 3. Additionally, as stated above, the seizure of the alleged Molotov cocktails had already occurred.

The Supreme Court explained, a "genuinely independent source" of information is not found where an agent's decision to seek a warrant was prompted by what they had seen during an initial illegal search, or if information obtained during such a search was presented to the magistrate and affected his or her decision to issue the warrant. *Murray v. United States*, 487 U.S. 533, 542 (1988). It is argued that the pictures, drawings and quotes of the journal entries affected Magistrate Cavan's decision to issue the warrant. The independent source exception does not apply.

## III.   Conclusion

The Government concludes their Response with the following, "Suppression in this case would impede the prosecution of a serious offense because of what was, at most, a technical error in a situation where officers acted with every intention of honoring the constitution." Gov. Response pg. 26. Facially overbroad warrants and failure to disclose the events of October 14, 2022, are not honoring the Constitution. It is certainly not conceded that Kadin is a criminal however, "The criminal goes free, if he must, but it is the law that sets him free. Nothing can destroy a government more quickly that its failure to observe its own laws, or worse, its disregard of the charter of its own existence." *Mapp v. Ohio*, 357 U.S. 643, 659 (1961).

RESPECTFULLY SUBMITTED this 29th day of July, 2025.

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
 Counsel for Defendant

/s/ Gillian E. Gosch
GILLIAN E. GOSCH
Federal Defenders of Montana
 Counsel for Defendant

**CERTIFICATE OF SERVICE**
**L.R.5.2(b)**

I hereby certify that on July 29, 2025, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-EDF |
| ____ | Hand Delivery |
| 3 | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. JEFFREY STARNES
   BENJAMIN HARGROVE
   Assistant United States Attorney
   United States Attorney's Office
   2602 2nd Avenue North, Suite 3200
   Billings, MT  59101
      Counsel for the United States of America

3. KADIN HAWKEYE LEWIS
      Defendant

/s/ Steven C. Babcock
STEVEN C. BABCOCK
Federal Defenders of Montana
   Counsel for Defendant

/s/Gillian E. Gosch
GILLIAN E. GOSCH
Federal Defenders of Montana
   Counsel for Defendant