JEFFREY K. STARNES
BENJAMIN D. HARGROVE
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. N. Suite 300
Great Falls, MT 59401
Phone: 406-761-7715
Email: Jeff.Starnes@usdoj.gov
       Benjamin.Hargrove@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

JAN 12 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 23-143-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| KADIN HAWKEYE LEWIS, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Jeffrey K. Starnes and Benjamin D. Hargrove, Assistant United States Attorneys for the District of Montana, and the defendant Kadin Hawkeye Lewis, and the defendant's attorneys, Steven C. Babcock and Gillian E. Gosch, have agreed upon the following:

AUSA BH   DEF KL   ATTY SCB   Date 1/10/26                    Page 1

1.  **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.  **Charges:** The defendant agrees to plead guilty to count 1 of the superseding indictment, which charges possession of unregistered destructive devices, in violation of 26 U.S.C. § 5861(d). This offense carries a maximum punishment of 10 years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment. At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts 2 and 3 of the superseding indictment.

3.  **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rules 11(c)(1)(A), (B), and (C) of the Federal Rules of Criminal Procedure.

    With respect to that portion of the agreement governed by Rules 11(c)(1)(A) and (B), the defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, counts 2 and 3 in the superseding indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts 2 and 3 are dismissed, there will not be an automatic right to withdraw

the plea even if the Court does not accept or follow the recommendations made by the United States.

With respect to that portion of the agreement governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree that a specific disposition of 120 months of imprisonment, with no agreement as to any other term, is appropriate in this case and must be imposed by the Court. The defendant understands that, if the agreement is accepted by the Court, the defendant will not have an automatic right to withdraw the guilty plea. Rule 11(d)(2)(A), Federal Rules of Criminal Procedure. If the Court rejects the agreement, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, the defendant will be able to withdraw the plea and the parties will proceed to trial.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is, in fact, guilty of the charge contained in count 1 of the indictment. In pleading guilty, the defendant acknowledges that:

- First, the defendant knowingly possessed firearms as defined by 26 U.S.C. § 5861(d);

- Second, in this case, the firearms were destructive devices as defined by 26 U.S.C. § 5845(a)(8), and § 5845(f);

- Third, the defendant was aware of the characteristics that made the firearms destructive devices; and

- Fourth, the defendant had not registered the firearms, in the National Firearms Registration and Transfer Record.

5.   **Waiver of Rights by Plea:**

(a)   The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)   The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)   The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent, and the Court must approve a non-jury trial.

(d)   The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)   If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing

all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Stipulation as to Disposition:** The United States and the defendant agree that a sentence of 120 months of imprisonment is an appropriate resolution of this case and must be imposed by the Court if the agreement is accepted. There is no stipulation to any other term unless identified in this agreement. The parties agree to jointly recommend a sentence of 120 months of imprisonment at sentencing.

7. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of

responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by these recommendations.

8. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

9. **Waiver of Appeal of the Sentence – Unconditional:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

10.  **FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11.  **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

12.  **Detention After Plea:** Pursuant to 18 U.S.C. § 3143, the defendant acknowledges the defendant will be detained pending sentencing. The defendant will not move or argue for release pending sentencing.

13. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

14. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

JEFFREY K. STARNES
BENJAMIN D. HARGROVE
Assistant U.S. Attorneys

KADIN HAWKEYE LEWIS
Defendant

STEVEN C. BABCOCK
GILLIAN E. GOSCH
Defense Counsel

AUSA  DEF  ATTY  Date                                   Page 9