**JEFFREY K. STARNES**
**BENJAMIN D. HARGROVE**
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. N., Suite 300
Great Falls, MT 59401
Phone:    (406) 761-7715
Fax:       (406) 453-9973
E-mail:   jeff.starnes@usdoj.gov
              benjamin.hargrove@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **KADIN HAWKEYE LEWIS,**  Defendant. | CR 23-143-BLG-SPW  **OFFER OF PROOF** |

**PLEA AGREEMENT**

The parties have reached a plea agreement pursuant to Rules 11(c)(1)(A), (B), and (C), *Federal Rules of Criminal Procedure*. The defendant agrees to plead guilty to count 1, which charges possession of unregistered destructive devices, in

1

violation of 26 U.S.C. § 5861(d), to a stipulated disposition of 120 months of imprisonment, and to an unconditional waiver of his appellate rights. In exchange, the United States agrees to dismiss counts 2 and 3 at sentencing.

The plea agreement represents, in the government's view, the final and the most favorable resolution of this case for the defendant. *See Missouri v. Frye*, 566 U.S. 134, 145-46 (2012).

## PENALTIES

Possession of unregistered destructive devices, as charged in count 1, carries a maximum penalty of 10 years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

## ELEMENTS

To prove the defendant guilty of the charge in count 1, the United States must prove the following elements beyond a reasonable doubt:

- First, the defendant knowingly possessed firearms as defined by 26 U.S.C. § 5861(d);

- Second, in this case, the firearms were destructive devices as defined by 26 U.S.C. § 5845(a)(8), and § 5845(f);

- Third, the defendant was aware of the characteristics that made the firearms destructive devices; and

- Fourth, the defendant had not registered the firearms, in the National Firearms Registration and Transfer Record.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:[1]

On September 19, 2022, Sheriff's Deputies were called to investigate reports of a dead body in a travel trailer near Pray, an unincorporated community in Park County, Montana. Deputies arrived at the scene and observed a deceased man in a trailer in which the defendant lived, and it appeared the man had died from a gunshot wound to the top of the head. Deputies obtained a warrant from the Montana Sixth Judicial District Court, to search the trailer. During the search, officers located eight Molotov cocktails, complete with bottles, fuel, and wicks, located in a cabinet. Elsewhere throughout the trailer, Deputies recovered dozens of empty bottles and rags that could be used to assemble additional Molotov cocktails, as well as several journals and other writings belonging to the defendant. In some of the writings, defendant Lewis discussed a plan to make Molotov cocktails and use them as destructive devices.

The Molotov cocktail evidence was ultimately collected and submitted to the FBI Laboratory in Quantico, Virginia for examination. Explosives experts

---

[1] The United States notes that the statement of evidence in this offer of proof does not reflect all evidence that the United States possesses against the defendant, but only a summary sufficient to ensure the defendant's guilty plea is provident. The United States reserves the right to present additional evidence against the defendant if this case were to proceed to trial.

determined that the fuel inside the bottles was an ignitable liquid, and when ignited, the assembled bottles, rags, and fuel would function as improvised incendiary devices, commonly known as homemade firebombs or Molotov cocktails. The devices thus meet the definition of destructive devices, a defined by 26 U.S.C. §§ 5861(d), 5845(a)(8) and 5845(f). A search of the National Firearms Registration and Transfer Record found that the defendant has never applied for or received permission to possess a destructive device.

## CONCLUSION

The United States would have presented the above evidence through the testimony of law enforcement, lay, and expert witnesses, and through the introduction of various exhibits.

Dated this 12th day of January 2026.

KURT G. ALME
United States Attorney

*/s/ Jeffrey K. Starnes*
JEFFREY K. STARNES
BENJAMIN D. HARGROVE
Assistant U.S. Attorneys
Attorneys for Plaintiff
