**JEFFREY K. STARNES**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT  59403**
**119 First Ave. North, Suite 300**
**Great Falls, MT  59403**
**Phone:  (406) 761-7715**
**E-mail:  Jeff.Starnes@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 23-143-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **SENTENCING MEMORANDUM** |
| **KADIN HAWKEYE LEWIS,** | |
| **Defendant.** | |

### INTRODUCTION

During a deliberate homicide investigation in September 2022, law enforcement found eight Molotov cocktails and the components to make dozens more at defendant Lewis's trailer home in Park County, Montana.  Law enforcement also found a number of writings and journal entries by the defendant demonstrating his obsession with the Parkland High School shooter Nikolas Cruz

1

and evidencing his own apparent plan to commit a mass casualty event at a nearby hot springs resort.  After his deliberate homicide case was dismissed by the State of Montana, Lewis ultimately pleaded guilty to one count of possession of unregistered destructive devices, in violation of 26 U.S.C. § 5861(d).  As part of a plea deal with the United States, defendant Lewis has agreed to serve the statutory maximum term of 120 months of imprisonment.  If accepted, the plea agreement is binding upon the Court.

Although he is still a young man, the defendant's conduct, and his history and characteristics, should compel the Court to accept the plea agreement and impose the statutory maximum term of 120 months of custody followed by three years of supervised release.

### THE PRESENTENCE INVESTIGATION REPORT (PSR)

There are no outstanding objections to the PSR that impact the calculation of the defendant's guideline sentence.  *See* PSR Addendum.  The defendant denies that he committed deliberate homicide, that he was going to commit any mass shooting or any other attack.  *See id.*

The defendant's total offense level is 21 and his criminal history category is I.  PSR ¶¶ 27, 32. This results in an advisory guideline range of 37 to 46 months of imprisonment.  The plea agreement in this case calls for the Court to impose the

statutory maximum term of 120 months of imprisonment.  *See Plea Agreement*, (Doc. 118) at 3, 6.

## ARGUMENT

### A.    The Offense

Following extensive pre-plea litigation, the United States is confident that the facts of the case are well-known to the Court.  *See, e.g., Order on Motion in Limine,* (Doc. 80) at 1-3; *Order on Motion for Violations of the Due Process Act,* (Doc. 107) at 2-6; *Order on Motion to Dismiss,* (Doc. 108) at 2-3; and *Order on Motion to Suppress*, (Doc. 109) at 2-5.

On September 19, 2022, a property owner reported the discovery of a deceased body found in a travel trailer on his property to the Park County Sheriff's Office ("PCSO").  PSR ¶ 9.   Upon arrival at the scene, officers could see a deceased male with several gunshot wounds to the head that appeared to be killed "execution style."  *Id*.  The deceased man was later identified as Casey Anderson. *Id*.  Officers learned the trailer belonged to the defendant, who quickly became the subject of a deliberate homicide investigation.  *Id*.

PCSO officers obtained a warrant a searched the trailer.  *See* PSR ¶ 10. During the search, officer observed racially motivated and violet extremist writings on the trailer walls.  *Id*.  They also found several journals and writings on loose notebook paper among the defendant's belongings detailing the defendant's

admiration of Parkland High School shooter Nickolas Cruz as well as other notorious mass shooters in the United States. *Id*. The writings contained racially motivated drawings of lynchings and references to the grocery store shooting in Buffalo, New York in May 2022. *Id.* In one of the writings, the defendant described himself as "The School Shooter" and wrote that he planned to target the nearby high school because "Cruz inspired me to do it." *Id*. His writings also referred to his desire to target Chico Hot Springs Resort. *Id*. He detailed that he would use Molotov cocktails and firearms to build up the "kill count" as high as possible, aiming for between 17 and 30 casualties. *Id.* He also identified other hot spring resorts throughout Montana by name and location and stated it was his hope that his attack would inspire others. Finally, one of the writings entitled "list of things to do before I carry out my mission at chico" contained an apparent "to-do" list for the defendant to carry out an attack. *See* (Doc. 79-1) at 20. The last entry on the page states "final kill case and drive to chico." *Id*.

Officers also found within the trailer eight complete Molotov cocktails. PSR ¶ 11. These devices each contained a bottle, a rag wick, and were filled with flammable fuel inside. *Id*. Officers located dozens of bottles and wicks that had yet to be fully assembled. *See* PSR ¶ 12.

///

///

4

**B.      Sentencing Analysis**

### *Sentencing Factors*

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the following purposes: (1) to reflect the seriousness of the offense; (2) to promote respect for the law; (3) to provide just punishment for the offense; (4) to afford adequate deterrence to criminal conduct; (5) to protect the public from further crimes of the defendant; and (6) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### *Seriousness of the Offense*

The seriousness of the offense cannot be overstated.  The eight Molotov cocktails that Lewis possessed, and the dozens more he was in the process of assembling, had the power to inflict severe lethality on their ultimate target.  And although Lewis has pleaded guilty to simple possession of unregistered destructive devices, and denies he intended to carry out any sort of attack, the fact that he appears utterly obsessed with school shooters and homicidal actors in mass casualty events is simply not normal.  Nor is his detailed planning to carry out his own mass casualty attack.

The fact of the matter is, Lewis wrote about a plan to use Molotov cocktails to commit a mass casualty event at Chico Hot Springs.  He drew pictures of

clothing he intended to wear, including a distinct mask.  He wrote about how he expected the attack would go down, and how he would try to escape.  He obtained magazine photos of hot springs he thought about attacking, he began to acquire elements of the costume he planned to wear, including the mask, and he started to assemble the Molotov cocktails he would need to carry out his plan.  There is simply no other explanation for him to do these things unless he was, in fact, in the process of carrying out his plan.  There is no more serious offense conduct.  The Court should impose the statutory maximum sentence of 120 months in this case.

### History and Characteristics of the Defendant

Lewis has been incarcerated since his initial arrest in September 2022.  He has no criminal history as the deliberate homicide case for which he was originally arrested was dismissed in July 2024.  *See* PSR ¶ 33.  The defendant has been diagnosed with Autism Spectrum Disorder.  *See* PSR ¶¶ 42, 44, 45.  Although his condition was being managed while he was incarcerated pending the deliberate homicide case, evaluators at the Galen Forensic Mental Health Facility expressed serious concern about the safety of the community if he were to be released from custody.  *See* PSR ¶ 44.

### C.    Sentencing Recommendation

With the above sentencing factors in mind, and considering the seriousness of the offense, as well as the defendant's s history and characteristics, the United

States recommends the Court accept the plea agreement and impose a sentence of

120 months of custody, followed by three years of supervised release as sufficient

but not greater than necessary.

DATED this 6th day of May 2026.

TIMOTHY J. RACICOT
Acting United States Attorney

*/s/ Jeffrey K. Starnes*
JEFFREY K. STARNES
Assistant U.S. Attorney